WARNER NORCROSS + JUDD LLP
Homayune Ghaussi (SBN 325716)
2000 Town Center, Ste. 2700
Southfield, MI 48075-1318
(248) 784-5139 phone
(248) 603-9700 fax
hghaussi@wnj.com

Attorneys for Plaintiff, Augmented Reality
Organization, d/b/a AugmentedReality.org

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| THE AUGMENTED REALITY ORGANIZATION, d/b/a AUGMENTEDREALITY.ORG<br><br>    Plaintiffs,<br>   vs.<br><br>RADIUS GROUP, INC.,<br>a California corporation,<br><br>    Defendant. | Case No.: 19-cv-06229<br><br>**COMPLAINT** |

Plaintiff, the Augmented Reality Organization d/b/a AugmentedReality.org ("AR.Org"), by and through its attorneys, Warner Norcross + Judd LLP, states for its Complaint against Defendant Radius Group, Inc. ("RGI") as follows:

**PARTIES**

1. Plaintiff AR.Org is a Michigan corporation with its principal place of business located at 40600 Ann Arbor Rd., Plymouth, Michigan 48170.

2. Defendant RGI is a California corporation, with its principal place of business at 3949 Research Park Court Suite 100, Soquel, California 95073.

COMPLAINT

## JURISDICTION AND VENUE

3. Federal subject matter jurisdiction in this case is based on 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

4. This court has personal jurisdiction over Defendant RGI because its business can be found within this District.

5. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) for multiple reasons, including without limitation that the Agreement giving rise to this Complaint was entered into in this District, and that RGI is located here.

## INTRADISTRICT ASSIGNMENT

6. This case arose in Santa Cruz County, California, and pursuant to Northern District of California Local Rules 3-2(c) and 3-2(e), should be assigned to the San Jose Division of the Northern District.

## FACTUAL ALLEGATIONS

7. AR.Org owns and produces the Augmented World Expo ("AWE"), an international series of conferences for professionals featuring interactive technologies such as augmented reality, wearable computing, smart glasses, and gesture devices.

8. RGI services clients by coordinating and setting up event equipment, infrastructure, lighting, visuals, and sound.

9. On May 27, 2018, AR and RGI entered into a Master Services Agreement ("Agreement"). (**Ex A**).

10. Under the Agreement, RGI agreed to provide AR.Org with production services for AR.Org's AWE in Munich, Germany, which takes place October 17-18, 2019. (**Ex A**).

11. RGI provided AR.Org with a Statement of Work ("SOW"), which included a description of RGI's performance obligations. (**Ex B**).

12. On July 23, 2019, in accordance with the Agreement, AR.Org paid RGI $82,471.20 as the first installment payment for RGI's production services. (**Ex C**).

13. The Agreement obligated RGI to pay the $82,471.20 to its European-based subcontractor.

14. AR.Org independently learned that RGI failed to pay the $82,471.20 to its European-based subcontractor and that RGI was considering filing for bankruptcy.

15. On August 23, 2019, AR.Org's Chief Executive Officer, Ori Inbar, emailed RGI's Chief Executive Officer, David Roberts, to inquire about whether RGI paid the $82,471.20 to its European-based subcontractor. (**Ex D**). In that email, Inbar wrote, "I was notified that your European production partner hasn't been paid from the [first] deposit we made. Will RGI be unable to complete the job for AWE EU 2019 per our agreement?" (*Id.*)

16. On August 26, 2019, Roberts responded to Inbar's August 23, 2019 email and stated, "[I]t is true. I am suddenly upside down from unpaid expectations . . . [i]t will be many weeks before I understand my direction." (**Ex D**).

17. On August 26, 2019, AR.Org's counsel wrote a letter to Roberts, expressing concern over Robert's August 26, 2019 email to Inbar. (**Ex E**). Counsel wrote, "I want to express alarm over the apparent inability of RGI to perform the . . . [Agreement], and to put you on notice that we will deem your actions a first material breach of that contract unless you take specific actions to demonstrate your ability and intent to perform . . . [AR] will take any action it deems necessary in order to ensure a successful AWE Europe event, including but not limited to hiring an alternate production company or the same EU-based partners, and will look to RGI to not only repay the installment payment already made, but also to cover all costs incurred by [AR] in excess of the original SOW contract prices." (*Id.*)

18. Counsel's August 26, 2019 letter to Roberts requested a response from Roberts by noon on August 29, 2019. (**Ex E ¶6**).

- 3 -

COMPLAINT

19. Roberts failed to respond to counsel's August 26, 2019 letter by noon on August 29, 2019.

20. On August 29, 2019 at 2:45PM, Counsel sent a follow up letter to Roberts, and wrote, "You have failed to respond to my letter at all, and our deadline has passed. Therefore, RGI is clearly in breach of its contractual obligations, and AR.Org is free of its commitments. Be on notice that AR.Org hereby considers the Agreement terminated, along with all of AR.Org's obligations to RGI under the Agreement. AR.Org will now proceed with arranging an alternative producer of the AWE Europe 2019 event, and will in due course pursue repayment of the funds it has paid to RGI." (**Ex F** ¶2).

21. On August 29, 2019 at 5:44PM, Roberts responded to counsel's letter by email. Roberts wrote, "I too feel relieved of RGI's commitment to the Agreement. RGI will not be able to meet the August 29th requirement." (**Ex G**).

## COUNT I – BREACH OF CONTRACT

22. AR.Org incorporates by reference the preceding allegations as if fully restated herein.

23. RGI entered into an Agreement with AR.Org to provide AR.Org with services for AR.Org's AWE conference in Munich, Germany on October 17-18, 2019.

24. As an initial, advance payment for RGI's services, AR.Org paid RGI $82,471.20.

25. RGI failed and/or refused to fulfill its obligations under the Agreement.

26. AR.Org fulfilled its obligations under the Agreement.

27. RGI's failure to fulfill its obligations under the Agreement as stated herein constitutes a breach of contract.

28. As a result of RGI's breach of contract, AR.Org has been damaged in at least the amount of $82,471.20, and attorney fees and costs.

COMPLAINT

29. AR.Org is entitled to all its costs and fees, including attorney fees, associated with RGI's breach as stated herein.

**RELIEF REQUESTED**

AR.Org respectfully requests that this Court enter a judgment in its favor against RGI in the amount of $82,471.20, plus attorney fees, costs, and interest, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

WARNER NORCROSS + JUDD LLP
Attorneys for Plaintiff

By: _s/Homayune Ghaussi_
Homayune Ghaussi (SBN 325716)
2000 Town Center, Ste.2700
Southfield, MI 48075-1318
(248) 784-5139
hghaussi@wnj.com

DATED: October 1, 2019